Jeffrey L. Hartman, Esq., #1607
**HARTMAN & HARTMAN**
510 West Plumb Lane, Suite B
Reno, Nevada 89509
Telephone: (775) 324-2800
Facsimile: (775) 324-1818
E-mail: notices@bankruptcyreno.com

Attorney for Patrick Canet,
Judicial Liquidator and
Foreign Representative

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | CASE NO.   BK-N-16-50644-BTB |
| | CHAPTER   15 |
| GHOLAM REZA JAZI ZANDIAN, | |
| | **OPPOSITION TO MOTION TO DISMISS** |
| Debtor in a Foreign Proceeding. | |
| | **Hearing Date: October 1, 2019** |
| _____/ | **Hearing Time: 2:00 p.m.** |

Patrick Canet, Judicial Liquidator and Foreign Representative opposes the Motion To Dismiss Filed by Jed Margolin as **DE 38**. This Opposition is based upon the following discussion and is supported, in part, by the separately filed sworn statement of Jean-Marie Hyest, French counsel to Patrick Canet in the Zandian liquidation proceedings pending in Paris, France. The Opposition is also supported by the separately filed Declaration of Jeffrey Hartman.

**Original Petition For Recognition**

On June 23, 2016, the Court conducted a hearing on the Petition by Patrick Canet ("Liquidator Canet"), for recognition of a foreign proceeding ("Petition") pending in France, **DE 1**, against Gholam Reza Jazi Zandian ("Zandian"). The Petition was opposed by Jed Margolin ("Margolin Objection"). **DE 13**. The Court directed Liquidator Canet to provide additional information and set August 10, 2016 for a continued hearing on the Petition. The continued hearing date was scheduled to be September 9, 2016. On August 3, 2016, Canet caused to be filed his Status Report And Reply Re: French Proceeding Against Zandian. **DE**

**18 and 18-1**. The attachments to **DE 18**, identified Liquidator Canet as the liquidator in the French proceeding against Zandian. Following the filing of the Status Report and Reply, and as set forth in the Hartman Declaration, on September 7, 2016, Hartman sent an e-mail to Margolin's counsel, Steve Abelman, with a draft Order Granting Petition For Recognition And Chapter 11 Relief. Hartman Declaration, **Exhibit A**. On September 13, 2016, Mr. Abelman sent an e-mail in reply, advising that the draft form of Order was acceptable. Hartman Declaration, **Exhibit B**. Through inadvertence on Hartman's part, the proposed Order did not get lodged and was never entered.

**The Adversary Proceeding**

In 2017, an adversary proceeding was commenced by Fred Sadri individually and in his capacity as Trustee of the Star Living Trust ("SLT"), and Ray Koroghli individually, and Ray Koroghli and Sathsowi Thay Koroghli as Managing Trustees of the Koroghli Management Trust ("KMT"), against Jed Margolin ("Margolin"), and Reza Zandian ("Zandian"). Liquidator Canet, foreign representative in this proceeding, defended on behalf of the Zandian liquidation proceeding.

On July 20, 2018, the Court entered its Findings of Fact And Conclusions of Law In Support Of Granting Partial Motion For Summary Judgment And Denying Summary Judgment Against Cross Claimant Patrick Canet And Granting Counter Motion For Summary Judgment ("Findings and Conclusions"). **Adv. DE 60.** On that same date, the Court entered its Order Granting Partial Motion For Summary Judgment And Denying Summary Judgment Against Cross Claimant Patrick Canet And Granting Counter Motion For Summary Judgment ("Order"). **Adv. DE 61.**

In sum and substance, the Findings and Conclusions, and Order determined that Margolin's execution efforts with respect to certain real property were void. The Court further determined that SLT, KMT and Zandian are each owners of an undivided one third interest in specific Washoe County properties:

    a) 079-150-09 (Parcel 1);

      b) 079-150-10 (Parcel 2);

      c) 079-150-13 (Parcel 3);

      d) 084-040-02 (Parcel 4);

      e) 084-040-04 (Parcel 5);

      f) 084-040-06 (Parcel 6);

      g) 084-040-10 (Parcel 7);

      h) 084-130-07 (Parcel 8);

      I) 084-140-17 (Parcel 9)

(the "Property"). Margolin has not sought leave to file an appeal of the interlocutory Order.

There are two unresolved Counterclaims pending in the adversary proceeding. Those Counterclaims are by Liquidator Canet against SLT and KMT and relate to ownership of interests in Big Springs Ranch, LLC which owns 320 acres in Washoe County, APN 076-100-19 and also addresses the unauthorized transfer of water rights in Elko County, Nevada in January 2016. See, Liquidator Canet's Answer, Counterclaims and Cross Claims. **Adv. DE 15**.

Recently, SLT, KMT and Canet entered into discussions regarding settlement of various issues raised in Canet's Counterclaims; however, settlement discussions ultimately were unsuccessful. Now, counsel for SLT and KMT has filed a Motion to Withdraw. As a result, Liquidator Canet will need to proceed with discovery and/or a motion for summary judgment against SLT and KMT on the Counterclaims and, has also determined to commence an adversary proceeding in accordance with 11 U.S.C. § 363(h) to be able to liquidate the estate's one third interest in the Property comprised of nine parcels.

**Margolin Has Not Filed A Claim**

As noted in the sworn statement of Jean-Marie Hyest, counsel to Liquidator Canet, Margolin has not asserted a claim against Zandian in the liquidation proceeding in Paris, and, is not recognized as a claimant in that proceeding. Likewise, although the case has been

///

pending for several years, and Margolin has submitted to the jurisdiction of this Court, he has not filed a claim.

### **CONCLUSION**

It was apparent in September 2016, that Margolin, through counsel consented to the recognition of Liquidator Canet as the foreign representative in this matter. Margolin then participated in the adversary proceeding in which the Court determined his execution efforts were void. Of course, had Margolin prevailed, he would be satisfied with this Court's exercise of jurisdiction to resolve the dispute

As noted above, after settlement discussions with SLT and KMT were unsuccessful, Liquidator Canet is now required to prosecute the two Counterclaims remaining in the adversary proceeding which, undoubtedly, will require dealing with whoever their new counsel may be. Canet is also considering filing additional adversary proceedings to attempt to recover other properties unrelated to those which are addressed in the pending adversary.

Liquidator Canet has no objection to the Court establishing reasonable deadlines for him to prosecute existing matters and to file any new matters. Margolin's request to dismiss the case is designed to negate the effects of the Court's Findings of Fact and Conclusions of Law and Order the results of which were to determine his execution efforts void. The Court should not permit such a result.

DATED: September 19, 2019.

**HARTMAN & HARTMAN**

/S/ Jeffrey L. Hartman
Jeffrey L. Hartman, Esq.
Attorney for Patrick Canet,
Foreign Representative